ESTATE OF PAULINE BROWN GILLESPIE, DECEASED, JAMES
PAUL GILLESPIE, EXECUTOR, PETITIONER *v.*
COMMISSIONER OF INTERNAL REVENUE,
RESPONDENT

Docket No. 5944–92.     Filed August 25, 1994.

*Juandell D. Glass,* for petitioner.
*Osmun R. Latrobe,* for respondent.

OPINION

LARO, *Judge:* This case is currently before the Court on the parties' cross-motions for summary judgment under Rule 121.[1] The parties' motions indicate that there is no genuine issue as to any material fact and that a decision may be rendered through summary adjudication.[2] We agree. The case is ripe for summary adjudication. The sole issue for decision is whether a "30-day letter"[3] is a notice of deficiency for purposes of section 7430(c)(2). We hold that it is not.

---

[1] Rule references are to the Tax Court Rules of Practice and Procedure. Section references are to the Internal Revenue Code.

[2] A decision on the merits of a taxpayer's claim can be made by way of summary adjudication "if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law." Rule 121(b).

[3] According to the Commissioner's regulations, "The 30-day letter is a form letter which states the determination proposed to be made. * * * The * * * letter also informs the taxpayer of appeal rights available if he or she disagrees with the proposed determination. If the taxpayer does not respond to the letter within 30 days, a * * * [90-day letter] will be issued". Sec.

## Background

On March 18, 1991, respondent mailed a 30-day letter proposing to increase by $9,064,361 the estate tax of the Estate of Pauline Brown Gillespie (decedent). James Paul Gillespie, executor of decedent's estate, protested the proposed adjustment with respondent's Appeals Office (Appeals). Approximately 5 months after petitioner commenced its protest, the parties settled the proposed adjustment.[4] Respondent never issued a notice of deficiency under section 6212 (90-day letter) or a notice of the decision of Appeals. After the settlement, petitioner requested an award of administrative costs from Appeals. This request was denied. Petitioner petitioned this Court for an award of administrative costs under section 7430 and Rule 271. Decedent was a resident of Wichita, Kansas, at the time of her death. When the petition was filed, James Gillespie resided in Wichita, Kansas.

## Discussion

Section 7430(a)(1) allows a taxpayer to recover reasonable administrative costs that he or she incurred in certain administrative proceedings before the Internal Revenue Service.[5] For this purpose, the term "reasonable administrative costs" is limited by section 7430(c)(2) to "only include costs incurred on or after the earlier of (i) the date of the receipt by the taxpayer of the notice of the decision of the Internal Revenue Service Office of Appeals, or (ii) the date of the notice of deficiency."

Petitioner contends that section 7430 allows it to recover the administrative costs it incurred after the date of the 30-day letter. Petitioner argues that: (1) The meaning of the term "notice of deficiency" in section 7430(c)(2) is not the same as the meaning of that term under section 6212, and

---

601.105(d)(1)(iv), Statement of Procedural Rules.

[4] Respondent concedes that petitioner substantially prevailed in this administrative proceeding.

[5] Prior to the enactment of the Technical and Miscellaneous Revenue Act of 1988 (TAMRA), Pub. L. 100–647, sec. 6239(a), 102 Stat. 3342, 3743–3746, sec. 7430 allowed certain prevailing parties to recover reasonable litigation costs (but not administrative costs) in cases which were brought against the United States to determine, collect, or refund any tax, interest, or penalty. TAMRA expanded sec. 7430 to allow for the recovery of reasonable administrative costs. TAMRA sec. 6239(a), 102 Stat. 3743–3746; see also sec. 7430(c)(2). Sec. 7430(f)(2) gives this Court jurisdiction to review the Commissioner's denial of a taxpayer's claim for reasonable administrative costs. *Gustafson v. Commissioner,* 97 T.C. 85 (1991).

(2) respondent's 30-day letter is a notice of deficiency for purposes of section 7430. Petitioner contends that an amendment to section 7430 that was passed by the Senate, but not adopted by the Congress, evinces the Congress' intent to enlarge the meaning of the term "notice of deficiency" in section 7430 beyond its meaning under section 6212. This amendment limited recovery of administrative costs to those costs that were incurred after the earlier of:

(1) the date of the first notice of proposed deficiency (generally the 30-day letter) that allows the person an opportunity for administrative review in the IRS Office of Appeals, or (2) the date of the notice of deficiency described in section 6212 of the Code. [H. Conf. Rept. 100–1104, at 225 (1988), 1988–3 C.B. 473, 715–716.[6]]

Petitioner's arguments are unpersuasive.[7] We interpret the term "notice of deficiency" under section 7430 according to its ordinary usage. See *Commissioner v. Brown,* 380 U.S. 563, 570–571 (1965); *Union Pacific Corp. v. Commissioner,* 91 T.C. 32, 38–40 (1988). We find that the ordinary usage of that term is a reference to the 90-day letter under section 6212. See, e.g., *Shut Out Dee-Fence, Inc. v. Commissioner,* 77 T.C. 1197, 1200–1201 (1981). If the Congress had wanted section 7430 to include administrative costs that were incurred from the date of the 30-day letter, it could have said so explicitly. See, e.g., sec. 534(b) (30-day letter referred to as "proposed notice of deficiency"); secs. 6621(c)(2)(A)(i), 7522(b)(3) (30-day letter referred to as "1st letter of proposed deficiency").

Judicial precedent also weighs heavily against petitioner's position. Courts do not consider a 30-day letter to be a notice of deficiency. *Estate of Adamczyk v. Commissioner,* T.C. Memo. 1981–259; see also *Rosenberg v. Commissioner,* 450 F.2d 529, 531 (10th Cir. 1971), affg. T.C. Memo. 1970–201; *Minahan v. Commissioner,* 88 T.C. 492, 494 (1987); *Abrams*

---

[6] In other words, petitioner contends that the Congress intended the term "notice of deficiency" to have a broader meaning in sec. 7430 because it did not enact the restrictive words "under section 6212" that were contained in the version of sec. 7430 that was passed by the Senate.

[7] Petitioner's argument ignores the fact that the reference in the Senate amendment to "the 30-day letter" was also removed from the final act. Moreover, we defer to the ordinary meaning of the term "notice of deficiency". See *United States v. James,* 478 U.S. 597, 606 (1986); *Consumer Prod. Safety Commn. v. GTE Sylvania, Inc.,* 447 U.S. 102, 108 (1980). In so doing, we note that the United States, as a sovereign, is immune from suit except to the extent that it consents to be sued, *United States v. Sherwood,* 312 U.S. 584, 586 (1941), and the Congress' waiver of sovereign immunity must be unequivocally expressed, *Irwin v. Dept. of Veterans Affairs,* 498 U.S. 89, 95 (1990).

*v. Commissioner,* 84 T.C. 1308, 1311 (1985), affd. 787 F.2d 939 (4th Cir. 1986), affd. 814 F.2d 1356 (9th Cir. 1987), affd. sub nom. *Alford v. Commissioner,* 800 F.2d 987 (10th Cir. 1986), affd. sub nom. *Donley v. Commissioner,* 791 F.2d 383 (5th Cir. 1986).

Petitioner states that rejecting its interpretation of section 7430(c)(2) makes it virtually impossible for a party to recover administrative costs under that section since parties rarely incur such costs after the issuance of a 90-day letter or a final decision of Appeals. We disagree. The Court has previously awarded administrative costs to other taxpayers under section 7430 as amended by TAMRA. See, e.g., *Han v. Commissioner,* T.C. Memo. 1993–386; *Huffman v. Commissioner,* T.C. Memo. 1991–144, affd. in part, revd. in part on other grounds, and remanded 978 F.2d 1139 (9th Cir. 1992). Moreover, the text of section 7430, e.g., has a plain meaning as to this issue: administrative costs incurred prior to the earlier of: (1) The date of the taxpayer's receipt of a decision of Appeals, or (2) the date of the notice of deficiency, are not recoverable under section 7430. *Nunn v. Commissioner,* T.C. Memo. 1992–301.

We have considered all other arguments by petitioner and find them to be without merit.

To reflect the foregoing,

> *An appropriate order and decision will be entered.*