T.C. Memo. 1995-520


UNITED STATES TAX COURT


JAMES L. BALL, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 1647-93.                    Filed October 31, 1995.


        P filed late returns for 1984, 1985, and 1986.  R
examined P's returns and assessed: (1) The amounts
shown on them and additional amounts for 1984 and 1985,
(2) additions to tax for failure to timely file returns
and pay tax for 1984, 1985, and 1986, and (3) interest
for 1984, 1985, and 1986.

        R improperly assessed tax in amounts greater than
reported on P's 1984 and 1985 returns without issuing a
notice of deficiency.  Later, R abated assessment of
the amounts in excess of the amounts reported on P's
returns for 1984 and 1985, and also additions to tax
and interest for 1984, 1985, and 1986.  R's Examination
Division and P reached an agreement on P's case for
1984, 1985, and 1986.  R's Office of Appeals Division
(Appeals) did not consider the case.  P seeks an award
of administrative costs under sec. 7430, I.R.C.

Held: P is not entitled to an award of administrative costs under sec. 7430, I.R.C., because R did not issue a notice of deficiency and Appeals did not issue a notice of decision. Sec. 7430(c)(2), I.R.C.; Estate of Gillespie v. Commissioner, 103 T.C. 395, 397 (1994).

Thomas F. Kelly, for petitioners.

John M. Altman, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

COLVIN, Judge: The sole issue for decision is whether petitioner is entitled to an award of reasonable administrative costs under section 7430(c) with respect to his 1984, 1985, and 1986 Federal income taxes.[1] The parties submitted the case fully stipulated under Rule 122.

Section references are to the Internal Revenue Code of 1986 as in effect in 1990. Rule references are to the Tax Court Rules of Practice and Procedure.

FINDINGS OF FACT

Petitioner resided in Seattle, Washington, when he filed his petition.

---

[1] We have jurisdiction to review the Commissioner's denial of a taxpayer's claim for reasonable administrative costs. Sec. 7430(f); Estate of Gillespie v. Commissioner, 103 T.C. 395, 396 n.5 (1994); Gustafson v. Commissioner, 97 T.C. 85, 88 (1991).

1.  <u>Petitioner's Returns for 1984, 1985, and 1986</u>

Petitioner's Federal income tax returns were due by April 16, 1985, for 1984, April 15, 1986, for 1985, and April 15, 1987, for 1986. Petitioner did not file those returns before 1990. In early 1990, respondent asked petitioner to file his returns for 1984, 1985, and 1986. Petitioner filed his Federal income tax returns for those years on March 30, 1990. The 1984 and 1985 returns were joint returns. However, petitioner's wife did not sign those returns when petitioner filed them. She signed the 1984 return on May 17, 1991, and the 1985 return on May 23, 1991. Petitioner's filing status for 1986 was single.

2.  <u>Respondent's Examination of Petitioner's 1984, 1985, and 1986 Returns and Assessment of Tax for Those Years</u>

Respondent examined and made adjustments to petitioner's returns. Respondent assessed the amounts of tax shown on the returns (assessed taxes), additional amounts of tax for 1984 and 1985 (over assessed taxes), and additions to tax and interest for 1984, 1985, and 1986.

Petitioner reported a $1,823 tax liability on his 1984 return. Respondent disallowed petitioner's claimed Schedule C loss of $4,290 on that return. On July 16, 1990, respondent issued a statement of account to petitioner that showed a $2,509 increase in tax for petitioner's 1984 year based on those adjustments. Respondent assessed additions to petitioner's 1984

tax of $27.68 for failure to timely file and $30.75 for failure to timely pay tax, and $110.32 in interest.

Petitioner reported a $2,257 tax liability on his 1985 return.  He computed his tax using income averaging.  Respondent disallowed petitioner's claimed Schedule C loss of $3,993, moving expenses of $5,140, and the personal exemption for petitioner's wife.  Respondent also changed petitioner's filing status to married filing separately and computed tax without using income averaging.  On July 16, 1990, respondent assessed $8,241 in tax against petitioner based on these adjustments.  Respondent assessed additions to petitioner's 1985 tax of $1,236.38 for failure to timely file, $1,373.75 for failure to timely pay tax, $393.62 for underpayment of estimated tax, and $3,721.97 in interest.

Petitioner reported a $776 tax liability on his 1986 return. Respondent disallowed petitioner's claimed prepayment credit of $594 and $1,052 claimed credit carryover from 1985, and determined that petitioner underpaid his 1986 tax liability by $182.  On March 30, 1990, respondent assessed $776 in tax against petitioner for 1986.  Respondent disallowed certain tax credits claimed by petitioner.  As a result, respondent assessed additions to petitioner's 1986 tax of $100 for failure to timely file and $33.67 for failure to timely pay tax, and $104.14 in interest.

Respondent did not issue a notice of deficiency for 1984, 1985, or 1986. Appeals did not consider petitioner's 1984, 1985, or 1986 tax years. On September 4, 1990, petitioner asked respondent to explain how respondent concluded that petitioner owed more tax for 1984.

3. Respondent's Levy of Petitioner's Tax for 1984, 1985, and 1986

On December 10, 1990, respondent issued notices of intent to levy for 1985 and 1986 to petitioner. Petitioner retained Thomas Kelly (Kelly) to represent him in December 1990. Petitioner wrote a letter to respondent around January 7, 1991, inquiring about petitioner's tax liability for 1984, 1985, and 1986.

Respondent issued a notice of intent to levy for 1984 to petitioner on January 21, 1991. Respondent's Seattle District Office wrote to Kelly on February 11, 1991, in response to petitioner's previous Freedom of Information Act request and stated that respondent forwarded the request to the Ogden Service Center.

4. Abatement of the Overassessment

Kelly wrote to respondent to request a copy of the notice of deficiency for 1984 and to explain how respondent made the 1984 assessment against petitioner. On February 13, 1991, Kelly wrote to respondent's collection branch in Seattle, Washington, to state that respondent improperly assessed petitioner's tax for

1984, 1985, and 1986, and that respondent should stop collection from petitioner.

On April 1, 1991, respondent responded to petitioner's letter that respondent received on January 7, 1991. Respondent stated that petitioner owed $317.16 for 1984, $13,256.89 for 1985, and $477.94 for 1986 (including penalties and interest to April 21, 1991). Respondent said that petitioner must pay the tax due and claim a refund if he did not agree with the adjustment.

On April 17, 1991, Kelly wrote to respondent's problems resolution officer in Seattle, Washington, to explain why he believed respondent's position was incorrect. On April 23, 1991, respondent assigned petitioner's case to a problems resolution office. On May 7, 1991, respondent's quality assurance staff wrote a memo to respondent's problems resolution office. In it, the quality assurance staff concluded that the assessments were invalid because respondent assessed more than the amounts shown on the returns. Also, on May 7, 1991, respondent's problems resolution office wrote to Kelly and said the assessments were valid for 1986, but invalid for 1984 and 1985 because respondent did not issue a notice of deficiency for those years.

On June 24, 1991, respondent abated petitioner's over-assessment, additions to tax, and accrued interest for 1984, but did not abate the assessment of tax for amounts shown on

petitioner's 1984 return.  On July 15, 1991, respondent abated petitioner's 1985 overassessment, additions to tax, and accrued interest, but did not abate assessment of tax for amounts shown on petitioner's 1985 return.  On July 22, 1991, respondent abated the addition to tax for failure to timely pay and interest for petitioner's 1986 taxable year.

5.   Petitioner's Claim for an Award of Administrative Costs

On August 29, 1991, petitioner filed a claim for an award of administrative costs with respondent.  Respondent denied the claim on October 21, 1991.  Petitioner then filed the petition for administrative costs.

OPINION

1.   Positions of the Parties

Petitioner contends that he is entitled to an award of reasonable administrative costs under section 7430.  The Technical and Miscellaneous Revenue Act of 1988 (TAMRA), Pub. L. 100-647, sec. 6239(a), 102 Stat. 3342, 3743-3746, amended section 7430 to allow the recovery of costs incurred in administrative proceedings.  See also H. Conf. Rept. 100-1104, at 224-226 (1988), 1988-3 C.B. 473, 714-716.  Section 7430 provides in pertinent part:

SEC. 7430.  AWARDING OF COSTS AND CERTAIN FEES.

(a)  In General.--In any administrative or court proceeding which is brought by or against the United States in connection with the determination, collection, or refund of any tax, interest, or penalty under this title, the prevailing party may be awarded a judgment or a settlement for--
(1)  reasonable administrative costs incurred in connection with such administrative proceeding within the Internal Revenue Service, and
(2)  reasonable litigation costs incurred in connection with such court proceeding.

*   *   *   *   *   *   *

(c)  Definitions.--For purposes of this section--

*   *   *   *   *   *   *

(2)  Reasonable administrative costs.--

*   *   *   *   *   *   *

Such term [reasonable administrative costs] shall only include costs incurred on or after the earlier of (i) the date of the receipt by the taxpayer of the notice of the decision of the Internal Revenue Service Office of Appeals or (ii) the date of the notice of deficiency.

Respondent contends that the quoted flush language from section 7430(c)(2) bars an award of administrative costs here because neither of the two specified events has occurred. Petitioner agrees that neither event has occurred.  However, petitioner argues that it is unfair to apply that language literally because respondent failed to issue a notice of deficiency.  Petitioner argues that it is unfair to allow respondent to benefit from respondent's erroneous failure to issue a notice of deficiency, and that we should treat the

notices of intent to levy as notices of deficiency for purposes of section 7430(c). Respondent concedes that it was an error not to issue a notice of deficiency for amounts in excess of the amounts shown on petitioner's 1984 and 1985 returns.[2]

The parties agree that respondent was not required to issue a notice of deficiency for 1986 because the amount of tax assessed was equal to the amount of tax liability shown on petitioner's 1986 return. Secs. 6213(a), 6211(a).

2. Discussion

Section 7430(c)(2) is unambiguous: Reasonable administrative costs include only costs that occur after respondent issues a notice of deficiency or Appeals issues a notice of decision. Sec. 7430(c)(2). Petitioner is not entitled to an award of administrative costs under section 7430(c) because neither event has occurred. Congressional intent can be shown by comparing the Senate and conference versions of the TAMRA provision which defined "position of the United States". To

---

[2] Sec. 6213(a) provides in pertinent part:

Except as otherwise provided in section 6851, 6852, or 6861 no assessment of a deficiency in respect of any tax * * * and no levy or proceeding in court for its collection shall be made, begun, or prosecuted until such notice has been mailed to the taxpayer, nor until the expiration of such 90-day or 150-day period, as the case may be, nor, if a petition has been filed with the Tax Court, until the decision of the Tax Court has become final. * * *

determine when the position of the United States was established,
the Senate amendment provides as follows:

> (7)  Position of United States.--The term
> "position of the United States" means the position
> taken by the United States in the proceeding to which
> subsection (a) applies as of the later of --
>
> (A) the date of the first letter of proposed
> deficiency which allows the taxpayer an
> opportunity for administrative review in the
> Internal Revenue Service Office of Appeals (or if
> earlier, the date of the notice of deficiency), or
> (B) the date by which the taxpayer has
> presented the relevant evidence within the control
> of the taxpayer and legal arguments with respect
> to such proceeding to examination or service
> center personnel of the Internal Revenue Service.

134 Cong. Rec. 24221 (Sept. 16, 1988).  The TAMRA conference
report describes the Senate provision as follows:

> In determining whether the position of the United
> States was substantially justified, the position of the
> United States is determined as of the later of (1) the
> date of the first letter of proposed deficiency
> (generally the 30-day letter) that allows the taxpayer
> an opportunity for administrative review in the IRS
> Appeals Office (or, if no letter of proposed deficiency
> is sent, the date of the notice of deficiency described
> in section 6212 of the Code), or (2) the date by which
> the relevant evidence under the control of the
> taxpayer, as well as relevant legal arguments, with
> respect to such action have been presented by the
> taxpayer to IRS examination or Service Center
> personnel.

H. Rept. 100-1104, supra at 225-226, 1988-3 C.B. at 715-716.  The
TAMRA conference report states:

> The conference agreement follows the Senate amendment,
> with the modification that the position of the United
> States is determined as of the earlier of (1) the date
> of the receipt by the taxpayer of the notice of the
> decision of the IRS Office of Appeals, or (2) the date

of the notice of deficiency. If neither is applicable, the position of the United States is that taken in the litigation.

H. Rept. 100-1104, supra at 226, 1988-3 C.B. at 716. Section 7430(c)(7), as enacted, provides:

> (7) Position of United States.--The term "position of the United States" means--
>
> (A) the position taken by the United States in a judicial proceeding to which subsection (a) applies, and
> (B) the position taken in an administrative proceeding to which subsection (a) applies as of the earlier of--
> (i) the date of the receipt by the taxpayer of the notice of the decision of the Internal Revenue Service Office of Appeals, or
> (ii) the date of the notice of deficiency.

The conference committee modified the rule establishing when the United States has taken a position for purposes of deciding if its position is substantially justified. First, the conference committee deleted the Senate bill language which limited an award of administrative costs to costs incurred after the taxpayer submits relevant evidence and legal arguments. Second, the language approved by the conference committee does not allow an award of administrative costs for a position respondent takes before the respondent issues the notice of deficiency or Appeals issues a notice of decision. The effect of this change is to protect the Commissioner from claims by taxpayers that positions taken by, for example, the Examination

or Collections Division personnel, before issuance of a notice of deficiency or of the decision of Appeals, are not substantially justified.

Petitioner contends that the Commissioner, by improperly failing to issue a notice of deficiency before assessing tax in excess of the amount shown on the 1984 and 1985 returns, became liable for an award of administrative costs when the first collection notice was sent to petitioner. We disagree. There is no authority in section 7430(c) to award administrative costs resulting from improper conduct by respondent before one of the two events stated in section 7430(c)(2) occurs. The United States is immune from suit except to the extent that it consents to be sued. United States v. Sherwood, 312 U.S. 584, 586 (1941).

Petitioner relies on Huffman v. Commissioner, 978 F.2d 1139, 1148-1149 (9th Cir. 1992), affg. in part, revg. in part and remanding T.C. Memo. 1991-144 and Han v. Commissioner, T.C. Memo. 1993-386. These cases are distinguishable from the instant case because the Commissioner issued a notice of deficiency in both of those cases.

Petitioner's argument is similar to that made by the taxpayer in Estate of Gillespie v. Commissioner, 103 T.C. 395, 396-397 (1994). In Estate of Gillespie, respondent issued a 30-day letter but did not issue a notice of deficiency or notice of decision by Appeals. We held that a 30-day letter is not a

notice of deficiency for purposes of section 7430(c)(2).  Estate of Gillespie v. Commissioner, supra at 397; see also Nunn v. Commissioner, T.C. Memo. 1992-301 (taxpayer not entitled to an award of administrative costs for expenses to obtain refund of a wrongful levy if a notice of deficiency was not issued and the taxpayer has not received the notice of decision of Appeals).

While the result to petitioner may seem harsh, we cannot ignore the plain language of the statue and, in effect, rewrite the statute to achieve what might be an equitable result. Hildebrand v. Commissioner, 683 F.2d 57, 58 (3d Cir. 1982), affg. T.C. Memo. 1980-532.

Because of our holding on this issue, we need not reach respondent's alternative contentions that collection actions are not administrative proceedings under section 7430(c)(5) and section 301.7430-3(a)(4), Proced. & Admin. Regs., or petitioner's contention that section 301.7430-3(a)(4), Proced. & Admin. Regs., is invalid because it is contrary to the plain meaning and unambiguous wording of the statute.

Decision will be entered for respondent.