T.C. Memo. 1999-380


UNITED STATES TAX COURT


REESE B. BELSHEE, JR. AND BETTY J. BELSHEE, Petitioners
<u>v</u>. COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 2912-99.                    Filed November 17, 1999.


<u>D. Alden Newland</u>, for petitioners.

<u>William J. Gregg</u>, for respondent.


MEMORANDUM OPINION


PANUTHOS, <u>Chief Special Trial Judge</u>:  This matter is before the Court on respondent's motion to dismiss for failure to state a claim upon which relief can be granted.  The issue for decision is whether petitioners have stated a claim for administrative costs pursuant to section 7430(c)(2).  As explained in detail

below, we will grant respondent's motion to dismiss for failure to state a claim upon which relief can be granted.[1]

Background

In early 1996, petitioners entered into an offer in compromise respecting their tax liability for the taxable year 1991. Respondent accepted the offer in compromise, and petitioners made full payment in satisfaction of the agreement. See sec. 7122.

Contrary to the terms of the offer in compromise, respondent sent a notice of intent to levy to petitioners in 1997 demanding payment of approximately $11,000 in tax liability for the 1991 taxable year. After respondent refused petitioners' initial requests to withdraw the notice of intent to levy, petitioners retained counsel to assist them.

Petitioners' counsel persuaded respondent to withdraw the notice of intent to levy. Shortly thereafter, petitioners' counsel filed a claim with respondent requesting an award of administrative costs; i.e., legal fees that petitioners incurred in challenging the notice of intent to levy. Although an Appeals officer initially indicated that he would recommend that petitioners be awarded $3,471, the claim for administrative costs

---

[1] Unless otherwise indicated, section references are to sections of the Internal Revenue Code.

was disallowed in full. Respondent's notice stated in pertinent part:

> We have completed our review of your claim for administrative costs under Section 7430 of the Internal Revenue Code. We have fully disallowed your claim because pursuant to Reg. Sec. 301.7430-3(a)(4), proceedings in connection with collection actions are not administration proceedings for the purposes of IRC Section 7430.

Petitioners filed a timely petition for administrative costs with the Court pursuant to section 7430(f)(2). In response, respondent filed a motion to dismiss for failure to state a claim upon which relief can be granted. Relying on section 301.7430-3(a)(4), Proced. & Admin. Regs., respondent initially argued that the collection action underlying petitioners' claim for administrative costs is not considered an administrative proceeding within the meaning of section 7430.[2]

Petitioners filed a response to respondent's motion to dismiss in which they assert that section 301.7430-3(a)(4),

---

[2] Sec. 301.7430-3(a)(4), Proced. & Admin. Regs., provides in pertinent part:

(a) Administrative proceeding. For purposes of section 7430, an administrative proceeding generally means any procedure or other action before the Internal Revenue Service that is commenced after November 10, 1988. However, an administrative proceeding does not include—

* * * * * * *

(4) Proceedings in connection with collection actions (as defined in paragraph (b) of this section), including proceedings under sections 7432 or 7433.

Proced. & Admin. Regs., is invalid insofar as it conflicts with the plain language of section 7430(a), which provides that a taxpayer generally may be awarded a judgment or a settlement for reasonable administrative costs incurred in "any administrative * * * proceeding which is brought by or against the United States in connection with the determination, collection, or refund of any tax, interest, or penalty under this title".

This matter was called for hearing at the Court's motions session in Washington, D.C. Counsel for both parties appeared at the hearing and presented argument on the pending motion.

Counsel for respondent argues that respondent's motion should be granted on the basis of the flush language of section 7430(c)(2) and Ball v. Commissioner, T.C. Memo. 1995-520. The flush language of section 7430(c)(2) provides: "Such term ["reasonable administrative costs"] shall only include costs incurred on or after the earlier of (i) the date of the receipt by the taxpayer of the notice of the decision of the Internal Revenue Service Office of Appeals, or (ii) the date of the notice of deficiency." Respondent asserts that petitioners have not incurred "reasonable administrative costs" within the meaning of section 7430(c)(2) since petitioners have not received either an Appeals Office notice of decision or a notice of deficiency.

Following the hearing, petitioners filed a supplemental response asserting that, as a memorandum opinion, Ball v.

Commissioner, supra, is not controlling precedent.  In addition, petitioners argue that the reasoning in Ball is flawed on the ground that "it is unreasonable to interpret the 'flush language' of subsection (c)(2) in a way that effectively narrows the scope of section 7430's unambiguous and broad inclusion of collection actions within the meaning of administrative proceedings".

## Discussion

We begin our analysis with the observation that, as a sovereign, the United States is immune from suit except to the extent that it specifically consents to be sued.  See United States v. Sherwood, 312 U.S. 584, 586 (1941).  The scope of a waiver of sovereign immunity is to be strictly construed in favor of the sovereign.  See Department of the Army v. Blue Fox, Inc., 525 U.S. 255, ___, 119 S. Ct. 687, 691 (1999), and cases cited therein.

In the Tax Equity and Fiscal Responsibility Act of 1982 (TEFRA), Pub. L. 97-248, sec. 292(a), 96 Stat. 324, 572, Congress redesignated section 7430 section 7431 and enacted a new section 7430 which provided that certain prevailing parties would be permitted to recover reasonable litigation costs from the United States in cases brought by or against the United States to determine, collect, or refund any tax, interest, or penalty.

Section 7430 was applicable to proceedings commenced after February 28, 1983. See TEFRA sec. 292(e)(1), 96 Stat. 574.[3]

The Technical and Miscellaneous Revenue Act of 1988, Pub. L. 100-647, sec. 6239, 102 Stat. 3342, 3743, amendments to section 7430 expanded the relief provided under section 7430 to allow certain prevailing parties to recover reasonable administrative costs in addition to litigation costs. Section 7430(a) sets forth the general rule that the prevailing party in any administrative or court proceeding which is brought by or against the United States in connection with the determination, collection, or refund of any tax, interest, or penalty may be awarded a judgment or a settlement for reasonable administrative costs incurred in connection with such administrative proceedings and for reasonable litigation costs incurred in connection with such court proceedings.

---

[3] Sec. 7430 has been amended many times since its enactment in 1982. The provisions of sec. 7430 applicable to a given case depend on the date the proceeding is commenced and the period within which the claimed costs were incurred.

Congress amended sec. 7430 in the Taxpayer Relief Act of 1997 (TRA), Pub. L. 105-34, secs. 1285, 1453, 111 Stat. 788, 1038, 1055. Congress then amended sec. 7430 in the Internal Revenue Service Restructuring and Reform Act of 1998 (RRA 1998), Pub. L. 105-206, sec. 3101, 112 Stat. 685, 727. The amendments made by TRA apply in the case of proceedings commenced after Aug. 5, 1997, and the amendments made by RRA 1998 apply to costs incurred more than 180 days after July 22, 1998 (Jan. 19, 1999). As the petition for administrative costs herein was filed on Feb. 12, 1999, relating to costs incurred before Jan. 19, 1999, the TRA amendments to sec. 7430 apply and not the RRA amendments.

The general rule set forth in section 7430(a) is qualified by the limitations contained in section 7430(b) and the definitions contained in section 7430(c).  The flush language of section 7430(c)(2) provides that "reasonable administrative costs" shall only include costs incurred on or after the earlier of the date that the taxpayer receives an Appeals Office notice of decision or the date a notice of deficiency is issued to the taxpayer.

The Court has narrowly construed the relief provided in section 7430.  In Estate of Gillespie v. Commissioner, 103 T.C. 395 (1994), the Commissioner issued a 30-day letter proposing to increase the taxpayer's estate tax liability by approximately $9 million.  The taxpayer filed a protest with the appropriate Appeals Office, and the matter was settled in the taxpayer's favor.  After the Appeals Office rejected the taxpayer's request for an award of administrative costs, the taxpayer filed a petition for an award of administrative costs with the Court. Relying on the flush language of section 7430, and noting that the Commissioner had not issued either an Appeals Office notice of decision or a notice of deficiency to the taxpayer, we granted the Commissioner's motion for summary judgment that the taxpayer was not entitled to an award under section 7430.

In Ball v. Commissioner, supra, the taxpayer filed delinquent tax returns for 1984, 1985, and 1986.  The

Commissioner subsequently disallowed deductions that the taxpayer had claimed on his returns, entered assessments against the taxpayer in amounts greater than the taxes that the taxpayer had reported on his returns, and issued notices of intent to levy to the taxpayer.

The taxpayer subsequently retained counsel who convinced the Commissioner that the notices of intent to levy were based in part on improper assessments. In particular, the Commissioner agreed that the assessments were improper insofar as they exceeded the tax liabilities that the taxpayer had reported on his returns. The Commissioner conceded that assessments against the taxpayer for amounts greater than the tax liabilities that the taxpayer had reported on his returns were premature in that the Commissioner was required to comply first with the normal deficiency procedures starting with the issuance of a notice of deficiency.

Although the Commissioner abated the improper assessments, the Commissioner disallowed the taxpayer's claim for administrative costs incurred in contesting the notices of intent to levy. The taxpayer responded by filing a petition for an award of administrative costs with the Court.

Upon review, we agreed with the Commissioner that the taxpayer was not entitled to relief under section 7430 on the ground that the Commissioner had not issued either an Appeals

Office notice of decision to the taxpayer or a notice of deficiency as required under section 7430(c)(2). In so holding, we rejected the taxpayer's argument that it was unfair to apply the flush language of section 7430(c)(2) literally where the Commissioner admittedly erred in failing to issue a notice of deficiency to the taxpayer before the disputed assessments. Further, after reviewing the legislative history underlying the TAMRA amendments, we concluded that Congress intended that the flush language of section 7430(c)(2) protect the Commissioner from claims by taxpayers that positions taken by the Examination and Collection Divisions of the Internal Revenue Service, before administrative review, were not substantially justified.[4]

Consistent with the plain language of section 7430(c)(2), as well as the precept that a waiver of sovereign immunity is to be strictly construed in favor of the sovereign, see Department of the Army v. Blue Fox, Inc., 525 U.S. at ___, 119 S. Ct. at 691, we hold that petitioners have failed to state a claim for relief.[5] In sum, because respondent has not issued either an Appeals Office notice of decision or a notice of deficiency to

_____

[4] The facts in Ball v. Commissioner, T.C. Memo. 1995-520, are substantially similar to those presented in this case, and we are satisfied that the Court's analysis in Ball is correct.

[5] Because our holding is based on the plain language of sec. 7430, specifically the flush language of sec. 7430(c)(2), we need not consider petitioners' contention that sec. 301.7430-3(a)(4), Proced. & Admin. Regs., is invalid.

petitioners, they have not incurred administrative costs for which a claim is cognizable under section 7430.

To reflect the foregoing,

<u>An order of dismissal and decision will be entered</u>.