Richard L. ABRAMS, et al.,
Petitioners-Appellants,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.

No. 85–7526.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 18, 1986.

Decided April 14, 1987.

Martin A. Schainbaum, Kathleen A. Miller, San Francisco, Cal., for petitioners-appellants.

Gary D. Gray, Bruce R. Ellisen, Washington, D.C., for respondent-appellee.

Before CHAMBERS, FLETCHER and NELSON, Circuit Judges.

PER CURIAM:

Petitioner Richard Abrams and 33 other taxpayers appeal the United States Tax Court's dismissal of their consolidated petition for redetermination of tax deficiencies for the year 1983, 84 T.C. 1308. The only issue we decide is whether the Tax Court correctly dismissed the petition for lack of jurisdiction on the basis that a prefiling notification letter was not a notice of deficiency. We affirm.

The Internal Revenue Service (IRS) sent Abrams a letter,[1] known as a pre-filing

---

1. The letter stated as follows:

Re: Liberty Financial 1983 Government Securities Trading Strategy

Dear Taxpayer:

Our information indicates that you invested in the above tax shelter during the above tax year. Based upon our review of that pro-

motion, we believe that the purported tax deduction and/or credits are not allowable.

We plan to review your return to determine whether you claimed such deductions and/or credits. If you did so, we will examine your return and reduce the portion of any refund due to you which is attributable to the above tax

notification, advising him that the tax shelter in which he had invested was not a proper basis for tax deductions or credits. The letter, dated November 2, 1984, also stated that the IRS planned to review Abrams' tax return for such deductions and credits, and that if an examination resulted in adjustments to his return, he would be given the opportunity to exercise his right to appeal. If Abrams had already filed his return with such deductions or credits, the letter suggested that he may wish to file an amended return. The letter did not state that the IRS had made a determination of Abrams' tax deficiency. In response to the letter, Abrams filed a petition for redetermination in the Tax Court, which dismissed the suit for lack of jurisdiction.

■ We review *de novo* a dismissal for lack of subject matter jurisdiction. *McIntyre v. United States*, 789 F.2d 1408, 1410 (9th Cir.1986).

■ The Tax Court is a court of limited jurisdiction. Its jurisdiction is invoked only when the IRS issues a notice of deficiency. *See* 26 U.S.C. § 7442; *Laing v. United States*, 423 U.S. 161, 165 n. 4, 96 S.Ct. 473, 477 n. 4, 46 L.Ed.2d 416 (1976); *DaBoul v. Commissioner*, 429 F.2d 38, 38 (9th Cir.1970). Although there is no prescribed form for a deficiency notice, *Donley v. Commissioner*, 791 F.2d 383, 384 (5th Cir.), *cert. denied*, — U.S. —, 107 S.Ct. 277, 93 L.Ed.2d 253 (1986), the notice must at a minimum advise the taxpayer that his tax return is deficient for a particular year and specify the amount of the deficiency or provide the information necessary to compute the deficiency. *Id.* at 384–385; *Commissioner v. Stewart*, 186 F.2d 239, 242 (6th Cir.1951); *Olsen v. Helvering*, 88 F.2d 650, 651 (2d Cir.1937).

■ The letter Abrams received made it clear his return had not been reviewed and that no deficiency had been determined. Furthermore, no information was provided to compute the deficiency. The fact the letter was received after Abrams filed his tax return is irrelevant for purposes of determining whether the letter was a notice of deficiency. We join the Second, Fourth, Fifth, Sixth, Eighth, and Eleventh Circuits in concluding that the letter did not constitute such a notice. *See Neal v. Commissioner*, No. 85–4147 (2nd Cir. March 17, 1985) (unpublished order); *Abrams v. Commissioner*, 787 F.2d 939 (4th Cir.), *cert. denied*, — U.S. —, 107 S.Ct. 271, 93 L.Ed.2d 248 (1986); *Donley v. Commissioner*, 791 F.2d 383; *Gaska v. Commissioner*, 800 F.2d 633 (6th Cir.1986); *Spector v. Commissioner*, 790 F.2d 51 (8th Cir.), *cert. denied*, — U.S. —, 107 S.Ct. 274, 93 L.Ed.2d 250 (1986); *Benzvi v. Commissioner*, 787 F.2d 1541 (11th Cir.), *cert. denied*, —.U.S. —, 107 S.Ct. 273, 93 L.Ed.2d 250 (1986).

As the pre-filing notification letter was not a notice of deficiency, the Tax Court had no jurisdiction and the petition was properly dismissed.

AFFIRMED.

---

shelter promotion. If an examination results in adjustments to your return, you will be afforded the opportunity to exercise your appeal rights. The Internal Revenue Code provides, in appropriate cases, for the application of the negligence penalty under section 6653(a), the overvaluation penalty under section 6659 and/or the substantial understatement of income tax penalty under section 6661 of the Internal Revenue Code and other appropriate penalties. Our examination will determine whether these penalties are appropriate. See the back of this letter for an explanation of these penalties.

If you claimed deductions and/or credits on a return already filed, you may wish to file an amended tax return.