JACKSON H. RICHARDSON AND KATHY L. RICHARDSON, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Richardson v. Commissioner
Docket No. 13437-90
United States Tax Court
T.C. Memo 1991-427; 1991 Tax Ct. Memo LEXIS 476; 62 T.C.M. (CCH) 638; T.C.M. (RIA) 91427; August 28, 1991, Filed *476 Ps filed a motion for reasonable litigation costs pursuant to I.R.C. sec. 7430. Held, Ps were not a prevailing party because Ps failed to show that R acted in an unreasonable manner in the relevant proceedings. John Brooks, for the petitioners. W. Jere Blackshear, for the respondent. NIMS, Chief Judge. NIMS
MEMORANDUM OPINION This matter is before the Court on petitioners' motion for award of reasonable litigation costs filed pursuant to Rule 231. (Unless otherwise indicated, all Rule references are to the Tax Court Rules of Practice and Procedure. All section references are to sections of the Internal Revenue Code in effect for the relevant period.) The merits of the underlying case were resolved in a stipulated decision filed at the call of the calendar in Lubbock, Texas, on February 25, 1991. The issue for decision as raised in this motion is whether petitioners were a "prevailing party" within the meaning of section 7430 so as to support an award of litigation and administrative costs pursuant to section 7430 and Rule 231. At the time the petition in this case was filed, petitioners resided in Iowa Park, Texas. This dispute arose from audits pursuant to *477 which a revenue agent adjusted income and deductions for the years 1985 and 1986. Despite several meetings between petitioners and the revenue agent, the matter was not settled. On August 23, 1989, the I.R.S. District Director mailed a 30-day letter to petitioners. Upon receipt of the 30-day letter, petitioners did not file a protest or request a conference with the Office of Appeals. Since the parties had not resolved the matter, and petitioners had refused to extend the statute of limitations for the years in question, respondent issued a statutory notice of deficiency on March 26, 1990. Respondent determined deficiencies in and additions to petitioners' Federal income tax liability for 1985 and 1986. On June 21, 1990, petitioners timely filed a petition with this Court for redetermination of respondent's deficiency determinations. On February 8, 1991, following an appeals conference, respondent's counsel received petitioners' administrative file from the Appeals Division of the Internal Revenue Service, containing a settlement for the years at issue. An agreed decision was entered by this Court on March 4, 1991. On April 2, 1991, petitioners filed this motion for litigation *478 and administrative costs. By Order dated April 2, 1991, the above decision was vacated and set aside pending disposition of this motion. Pursuant to section 7430, the "prevailing party" in any administrative or civil proceeding brought by or against the United States in connection with the determination, collection, or refund of any tax, interest, or penalty under the Internal Revenue Code may be awarded reasonable litigation and administrative costs incurred in such proceeding. In order to be eligible for such an award, petitioners must establish that: (1) They satisfy the statutory definition of prevailing party; and (2) all administrative remedies available to them have been exhausted. Sec. 7430(a) and (b). To satisfy the statutory definition of prevailing party, petitioners must: (1) Establish that the position of the United States in the civil proceeding was not substantially justified; (2) substantially prevail with respect to the amount in controversy or with respect to the most significant issue or set of issues presented; and (3) meet net worth requirements. Sec. 7430(c)(4). Petitioners have the burden of proof as to each of these elements. Rule 232(e). Respondent *479 concedes that petitioners have satisfied the net worth requirement, but denies that the first two requirements have been met. Because we find that the United States' position was substantially justified, we need not address whether petitioners substantially prevailed. In determining whether respondent's position was substantially justified, the question is one of whether respondent's position in the judicial or administrative proceeding was reasonable. The determination of reasonableness should be made based upon all the facts and circumstances surrounding the proceedings and the fact that the Government eventually loses should not be determinative. VanderPol v. Commissioner, 91 T.C. 367, 369 n.3 (1988); DeVenney v. Commissioner, 85 T.C. 927, 930 (1985). In claiming that respondent's position was not substantially justified, petitioners make two arguments. First, they assert that the revenue agent administering their case acted unreasonably by failing to meet or correspond with them after the 30-day letter was sent and prior to the issuance of the notice of deficiency. Petitioners contend that the revenue agent's failure to expeditiously *480 process their case caused an unreasonable delay, which resulted in the issuance of the notice of deficiency, and that such inaction constituted a position that was not substantially justified. This claim is without merit. The allegedly unreasonable position of respondent occurred prior to the issuance of the notice of deficiency. Under section 7430, the term "position of the United States" means "the position taken in an administrative proceeding * * * as of the earlier of -- (i) the date of the receipt by the taxpayer of the notice of the decision of the Internal Revenue Service Office of Appeals, or (ii) the date of the notice of deficiency." Sec. 7430(c)(7)(B). Upon receipt of a 30-day letter from the I.R.S. District Director, a taxpayer has the option of filing a protest and request a conference with the Office of Appeals. Following an appeals conference, the Office of Appeals will presumably issue its "notice of * * * decision." See "flush language" at end of section 7430(c)(2). If the Office of Appeals concludes that there is a deficiency, and if the taxpayer takes no action, a statutory notice of deficiency will be issued. See Abrams v. Commissioner, 84 T.C. 1308, 1311 (1985), *481 affd. 787 F.2d 939 (4th Cir. 1986), affd. sub nom. Donley v. Commissioner, 814 F.2d 1356 (5th Cir. 1986). In this case, petitioners did not request a conference with the Office of Appeals, and that Office did not issue a notice of decision prior to the issuance of the notice of deficiency. Thus, the determinative date for purposes of section 7430 is March 26, 1990, the date of the notice of deficiency. Consequently, we cannot consider the conduct of the revenue agent prior to March 26, 1990, and any contention that such conduct was unreasonable is unavailing and we express no opinion thereon. Sher v. Commissioner, 89 T.C. 79 (1987), affd. 861 F.2d 131 (5th Cir. 1988). Petitioners' second argument in support of their contention that respondent acted unreasonably is that respondent's position taken in the notice of deficiency was itself unreasonable. In this regard, petitioners state that it took the parties only 90 minutes at the appeals conference (held after the petition was filed) to settle the case, using information that was available all along and using the same figures previously sent to the revenue *482 agent. This argument is also without merit. Respondent states in his notice of objection to petitioners' motion, and petitioners have not seriously challenged the statement, that the revenue agent asked for documentation substantiating petitioners' claims as early as June 6, 1988. Such information was not provided at that time, nor does it appear that respondent received all of the necessary documentation until the post-petition appeals conference, whereupon the matter was promptly settled. Petitioners cannot argue that respondent's position as disclosed in the notice of deficiency was unreasonable if that position resulted from petitioners' own failure to produce relevant information. In sum, petitioners have failed to show that respondent acted unreasonably, and thus cannot be a prevailing party under section 7430. Accordingly, petitioners' motion for award of reasonable litigation costs will be denied. An appropriate order will be issued and decision will be entered under Rule 155.