976 F.2d 738
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
John Albert STRAND, Petitioner,
v.
COMMISSIONER OF INTERNAL REVENUE SERVICE, Respondent.
 No. 91-70653.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 15, 1992.*
Decided Sept. 22, 1992.
 
 Before GOODWIN, D.W. NELSON and REINHARDT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 John Albert Strand appeals pro se the tax court's dismissal of his petition for redetermination of tax deficiencies for tax years 1976 and 1977. We have jurisdiction pursuant to 26 U.S.C. § 7482(a). See Wilson v. Commissioner, cert. denied, 439 U.S. 832 (1978). We affirm.
 
 
 3
 * Background
 
 
 4
 On March 18, 1991, the Commissioner of Internal Revenue ("CIR") issued a notice of deficiency to Strand in which the CIR determined a tax deficiency and additions to tax for tax year 1984. On June 16, 1991, Strand filed a petition for a redetermination of tax deficiencies for tax years 1984, 1977, and 1976.
 
 
 5
 On August 9, 1991, the CIR filed a motion to dismiss the petition to the extent it sought a redetermination of tax for 1976 and 1977 because the CIR had not issued any notices of deficiency for those years. On August 19, 1991, Strand filed a motion for an extension of time in which to file a response to the CIR's motion. The tax court granted Strand an extension until September 30, 1991. On August 26, 1991, Strand filed a document containing a one line statement, "This is what you get when you deal with Dictators." Attached to this statement was a copy of his IRS transcripts. The document was docketed as Strand's response to the CIR's motion. On that same day, the tax court granted the CIR's motion to dismiss.
 
 II
 Merits
 
 6
 We review de novo the tax court's dismissal for lack of jurisdiction. Abrams v. Commissioner, 814 F.2d 1356, 1357 (9th Cir.1987).
 
 
 7
 A taxpayer may petition the tax court for a redetermination of a tax deficiency within ninety days after a notice of deficiency has been mailed to the taxpayer. See 26 U.S.C. § 6213(a); Shipley v. Commissioner, 572 F.2d 212, 213 (9th Cir.1977). "Timely filing of a petition is jurisdictional." Shipley, 572 F.2d at 213 (citations omitted). The jurisdiction of the tax court is limited. Abrams, 814 F.2d at 1357. "Its jurisdiction is invoked only when the [CIR] issues a notice of deficiency." Id. Here, the CIR issued a notice of deficiency only for tax year 1984; no notice of deficiency was issued for tax years 1976 or 1977. Accordingly, the tax court correctly found that it was without jurisdiction to entertain a petition for redetermination of tax deficiencies for those years.[1] See id.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 On appeal, Strand also argues that the document he filed with the tax court on August 26, 1991 was not intended to be his response to the CIR's motion to dismiss and that it was error for the court to grant the CIR's motion prior to the expiration of the time for filing a response. Even if we were to find that the tax court erred by dismissing the petition without allowing Strand the opportunity to respond, Strand has not shown that he was prejudiced nor has he presented facts which could reasonably challenge the CIR's motion. Given these circumstances, the tax court did not err by granting the CIR's motion to dismiss without allowing the Strand to file his response. See Church of Scientology of Cal. v. United States, 920 F.2d 1481, 1490-91 (9th Cir.1990)