9 F.3d 1552
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
William E. MARQUARDT; Nina L. Marquardt, Petitioners-Appellants,
v.
COMMISSIONER OF INTERNAL REVENUE SERVICE, Respondent-Appellee.
 No. 93-70423.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 1, 1993.*
Decided Nov. 8, 1993.
 
 Before: SCHROEDER, D.W. NELSON, and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 William E. and Nina L. Marquardt appeal pro se the tax court's dismissal for lack of jurisdiction of their petition for redetermination of a tax deficiency for the 1985 tax year. We have jurisdiction pursuant to 26 U.S.C. § 7482(a), and we affirm.
 
 
 3
 We review de novo the tax court's dismissal for lack of jurisdiction. Abrams v. Commissioner, 814 F.2d 1356, 1357 (9th Cir.1987). Findings of fact underlying the tax court's determination are reviewed for clear error. Collins v. Commissioner, 857 F.2d 1383, 1385 (9th Cir.1988).
 
 
 4
 Under 26 U.S.C. § 6212(a), if the Secretary of the Treasury or his delegate determines a tax deficiency, he is authorized to send notice of the deficiency to the taxpayer by certified mail. 26 U.S.C. §§ 6212(a), 7701(a)(11)(B). A taxpayer who seeks a redetermination of this tax deficiency in the tax court must file a petition within ninety days. 26 U.S.C. § 6213(a). The ninety-day period for petitioning the tax court begins on the day the notice of deficiency is mailed, regardless of when the taxpayer actually receives it. Wilson v. Commissioner, 564 F.2d 1317, 1319 (9th Cir.1977), cert. denied, 439 U.S. 832 (1978).
 
 
 5
 The timely filing of a petition is jurisdictional. Shipley v. Commissioner, 572 F.2d 212, 213 (9th Cir.1977). Regardless of how allegedly inequitable the situation, the tax court has no authority to relieve a taxpayer from jurisdictional requirements. Healy v. Commissioner, 351 F.2d 602, 602 (9th Cir.1965).
 
 
 6
 Section 7502 of the Internal Revenue Code and its accompanying regulation 26 C.F.R. § 301.7502-1(a) provide that if the envelope containing the petition has a United States Post Office postmark date which falls within the ninety-day period, the petition is deemed timely filed, even if actually received after that period. "The scheme of the statute and the implementing regulation[ ] is designed to avoid testimony as to the date of mailing in favor of tangible evidence in the form of an official government notation." Shipley, 572 F.2d at 214.
 
 
 7
 Here, the IRS sent the Marquardts a notice of deficiency by certified mail on August 13, 1992. Ninety days from August 13, 1992 was November 11, 1992. The Marquardts' petition was not received by the tax court until November 16, 1992, ninety-five days after the notice of deficiency was mailed. Further, the Marquardts concede that the postmark on their petition was stamped November 13, 1992, thus making 26 U.S.C. § 7502 and 26 C.F.R. § 301.7502-1(a) inapplicable. Thus, the tax court correctly concluded that the Marquardts failed to timely file their petition.
 
 
 8
 The Marquardts argue that an exception to the ninety-day deadline should be made because they allegedly were delayed in receiving their notice of deficiency, suffered a recent death of a loved one, and were unavoidably detained by a traffic problem while on their way to file the petition. Tax courts are courts of limited jurisdiction, and although we sympathize with the situation faced by the Marquardts, we conclude that the tax court was without jurisdiction over their petition. See Abrams, 814 F.2d at 1357.
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, we deny the Marquardts' request for oral argument
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3