65 F.3d 175
 76 A.F.T.R.2d 95-6201
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Frederick G. JENSEN, Petitioner-Appellant,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.
 No. 95-70045.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 16, 1995.*
Decided Aug. 23, 1995.
 
 Before: ALARCON, FERNANDEZ, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Frederick G. Jensen appeals pro se the tax court's dismissal for lack of jurisdiction of his petition for "an accounting" of his federal income taxes. Since 1978, Jensen has failed to pay his federal income taxes because he is opposed to abortion. We have jurisdiction pursuant to 26 U.S.C. Sec. 7482. We review de novo, Scar v. CIR, 814 F.2d 1363, 1366 (9th Cir.1987), and we affirm.
 
 
 3
 Jensen contends that the tax court erred by dismissing for lack of jurisdiction his petition for "an accounting" of his federal income taxes. This contention lacks merit.
 
 
 4
 It is well-established that the tax court is a court of limited jurisdiction and that the tax court may exercise its jurisdiction only to the extent authorized by Congress. See 26 U.S.C. Sec. 7442; Commissioner v. McCoy, 484 U.S. 3, 7 (1987). Under section 6213(a), the tax court has jurisdiction to redetermine deficiencies assessed by the Commissioner. See 26 U.S.C. Sec. 6213(a). Under Tax Court Rule 13(a), the jurisdiction of the tax court depends upon the issuance of a notice of deficiency by the Commissioner. Tax.Ct.R. 13(a); see also Scar, 814 F.2d at 1366 (the tax court has jurisdiction "only when the Commissioner issues a valid deficiency notice, and the taxpayer files a timely petition for redetermination"). The tax court's jurisdiction is invoked only when the IRS issues a notice of deficiency. Abrams v. CIR, 814 F.2d 1356, 1357 (9th Cir.1987).
 
 
 5
 According to Jensen's petition, on June 2, 1992, the Internal Revenue Service ("IRS") issued a notice of levy to Dean Witter/Sears Liquid Asset Fund, Inc. ("Dean Witter") directing Dean Witter to turn over to the IRS all property belonging to Jensen. On June 25, 1992, Jensen, who was unaware of the notice of levy,[1] sent a $30,000.00 cashier's check to his broker at Dean Witter. On July 7, 1992, Dean Witter turned over $24,354.23 to the IRS. Jensen filed a petition with the tax court over two years later requesting an accounting of the federal income taxes and attaching the notice of levy to his petition.[2]
 
 
 6
 Jensen's contention that the tax court erred by dismissing his petition for lack of jurisdiction lacks merit. First, the form 668A which Jensen appended to his petition was plainly designated a notice of levy, not a notice of deficiency. Second, even if we construed the notice of levy as a notice of deficiency, the defect in jurisdiction would not be cured because Jensen waited over two years after the issuance of the notice of levy before he filed a petition with the tax court. See 26 U.S.C. Sec. 6213(a) (providing that taxpayer must file a petition with the tax court within 150 days after the notice of deficiency is issued where notice is addressed to a person outside the United States); Scar, 814 F.2d at 1366. Accordingly, we affirm the tax court's dismissal of Jensen's petition. Id.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Jensen's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 According to Jensen, the IRS sent a copy of the notice of levy to his former address in the Philippines where Jensen had moved in 1986 "because the Philippine Constitution provided equal protection under the law to the mother and her unborn." Jensen claims that he moved back to the United States on May 31, 1992, two days before the notice was sent
 
 
 [2]
 Under Tax Ct.R. 34(b)(8), the taxpayer must append a copy of the notice of deficiency to his or her petition. Tax.Ct.R. 34(b)(8)