139 F.3d 905
 81 A.F.T.R.2d 98-1094, 98-1 USTC P 50,457
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Stephen Russell HOLGATE; Karen Lee Holgate, Pe titioners-Appellants,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.
 No. 97-70809.
 Tax Court No. 14519-96.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 9, 1998**.
Decided Feb. 23, 1998.
 
 Appeal from the United States Tax Court.
 Before PREGERSON, CANBY, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Stephen Russell Holgate and Karen Lee Holgate appeal pro se from the Tax Court's decision dismissing their petition for redetermination of tax and finding income tax deficiencies and additions to tax for 1986, 1988, 1990, and 1991 on grounds of failure to file timely returns and pay estimated taxes. The Holgates contend that the Tax Court erred by granting the Commissioner of Internal Revenue's motion to dismiss their case for failure to prosecute. We vacate in part and affirm in part.
 
 
 3
 The Commissioner correctly concedes that the Tax Court lacked jurisdiction under 26 U.S.C. § 6213(a) to enter its decision against Mrs. Holgate for 1990 and 1991 because the notice of deficiency for those years was addressed solely to her husband. See Abrams v. Commissioner, 814 F.2d 1356, 1357 (9th Cir.1987) (per curiam) (deficiency notice must advise taxpayer that his or her return is deficient). Accordingly, we vacate the Tax Court's decision against Karen Holgate for 1990 and 1991.
 
 
 4
 The Holgates contend that because Mr. Holgate had been hospitalized and told not to drive, the Tax Court erred by dismissing the case after they failed to appear for trial on February 26 and 28, 1997. The record reflects that Mr. Holgate was driving during a conference call with the court on February 27, and the Holgates do not explain why Mrs. Holgate could not have driven or why she did not appear for trial. The Tax Court reset the trial to accommodate Mr. Holgate's illness, and the Holgates missed settlement meetings, refused to produce documents before trial, and failed to file a trial memorandum. We find no abuse of discretion. See Noli v. Commissioner, 860 F.2d 1521, 1527 (9th Cir.1988) (Tax Court must explore meaningful alternatives before dismissing a case); Edelson v. Commissioner, 829 F.2d 828, 831 (9th Cir.1987) (dismissal proper when taxpayers had obtained numerous continuances, failed to produce records after being subpoenaed, failed to enter into a stipulation of facts, and failed to appear for trial).
 
 
 5
 We affirm in all respects except we vacate the Tax Court's decision against Karen Holgate for 1990 and 1991.
 
 
 6
 The parties shall bear their own costs on appeal.
 
 
 7
 AFFIRMED in part, VACATED in part.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3