Dannie STAGGS; Rhonda L. Staggs; D & R Trust, Virginia Neely, Trustee; Staggs Carpet Care, A Trust Virginia Neely, Trustee, Petitioners—Appellants,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent—Appellee.

No. 00–71160.

IRS No. 10788–99/10790–99.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 4, 2001*.

Decided Dec. 26, 2001.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Before BRUNETTI, KLEINFELD and THOMAS, Circuit Judges.

## MEMORANDUM**

Dannie and Rhonda Staggs appeal the Tax Court's denial of their motion to dismiss for lack of jurisdiction their action to redetermine their income tax deficiency and that of the two trusts to which the Staggs had assigned some of their income. The Staggs also appeal the Tax Court's decision to grant the Internal Revenue Service's motion for summary judgment.

** This disposition is not appropriate for publication and may not be cited to or by the

The Tax Court concluded that a notice of deficiency and a timely appeal were the only prerequisites to its exercise of jurisdiction, and that no dispute remained regarding the amount of income tax deficiency. We affirm.

### I

■ The Tax Court has jurisdiction to redetermine a deficiency when the IRS has issued a valid notice and the taxpayer files a timely petition for redetermination. 26 U.S.C. § 7442; *Meserve Drilling Partners v. Comm'r*, 152 F.3d 1181, 1183 (9th Cir.1998). There is "no particular form . . . for a valid notice of deficiency." *Meserve*, 152 F.3d at 1183. However, the notice must, at a minimum, "advise the taxpayer that his tax return is deficient for a particular year and specify the amount of the deficiency or provide the information necessary to compute the deficiency." *Abrams v. Comm'r*, 814 F.2d 1356, 1357 (9th Cir.1987). The notice must also show that the IRS examined the taxpayer's returns and at least considered their deductions in making its determination of deficiency. *Meserve*, 152 F.3d at 1183 (citing *Clapp v. Comm'r*, 875 F.2d 1396, 1402 (9th Cir.1989)); *see also Scar v. Comm'r*, 814 F.2d 1363, 1367–70 (9th Cir.1987).

■ In this case, there is no doubt that the notices of deficiency sent to the Staggs and the trusts complied with the minimum requirements for validity. Each notice has attached a very lengthy and detailed explanation of how the amount of each deficiency was computed based upon the tax returns and claimed deductions filed by the Staggs and the trusts. There is likewise no doubt that they filed the petition with the Tax Court within the 90–day period allowed in 26 U.S.C. § 6213; the notices were dated March 17, 1999 and the petition was filed on June 11, 1999. Accord-

courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

ingly, the notices of deficiency are valid, and the Tax Court had jurisdiction to enter summary judgment for the IRS.

## II

The Staggs also argue that the IRS must assign the deductions and credits against the tax imposed on the trusts to them as individual taxpayers, because the IRS considers them to be the "owners" of the trusts. The Staggs raise the issue for the first time on this appeal, so we do not address it. *Woods v. Saturn Distrib. Corp.,* 78 F.3d 424, 430 (9th Cir.1996) ("As a general rule, this court will not consider an issue raised for the first time on appeal even though it has discretion to do so"); *see also Neal v. Shimoda,* 131 F.3d 818, 827 n. 11 (9th Cir.1997); *Equal Employment Opportunity Comm'n v. Farmer Bros. Co.,* 31 F.3d 891, 901 (9th Cir.1994).

AFFIRMED.