T.C. Memo. 2008-206

UNITED STATES TAX COURT

PHILIP ALBERT AND ANA M. HENDELES, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 12875-07.                    Filed August 28, 2008.

Philip Albert and Ana M. Hendeles, pro sese.

Edward Lee Walter, for respondent.

MEMORANDUM OPINION

CHIECHI, Judge:  This case is before the Court on respondent's motion to dismiss for lack of jurisdiction as supplemented.  (For convenience, we shall refer to respondent's motion to dismiss for lack of jurisdiction as supplemented as respondent's motion.)  We shall grant respondent's motion.

## Background

The record establishes and/or the parties do not dispute the following.

Petitioners' address shown in the petition in this case was in Lancaster, Ohio.

Respondent prepared a substitute for return for petitioners' taxable year 2002.

On February 15, 2005, respondent issued to petitioners a notice of deficiency with respect to their taxable year 2002.

On July 25, 2005, respondent assessed Federal income tax (tax) of $3,944, additions to tax under sections 6651(a)(1)[1] and (2) and 6654(a) of $887.40, $552.16, and $131.77, respectively, and interest as provided by law of $559 for petitioners' taxable year 2002.  On July 25, 2005, respondent abated the addition to tax under section 6654(a) that respondent had assessed for that year.  (We shall refer to any unpaid and unabated assessed amounts with respect to petitioners' taxable year 2002, as well as interest as provided by law accrued after July 25, 2005, as petitioners' unpaid 2002 liability.)

On July 25, 2005, respondent issued to petitioners a notice of balance due with respect to petitioners' unpaid 2002 liability.

---

[1]All section references are to the Internal Revenue Code in effect at all relevant times.  All Rule references are to the Tax Court Rules of Practice and Procedure.

On February 20, 2006, respondent issued to petitioners a final notice of intent to levy and notice of your right to a hearing (notice of intent to levy) with respect to petitioners' unpaid 2002 liability.

On March 21, 2006, petitioners submitted to respondent a tax return (return) for their taxable year 2002. Based upon the information that petitioners reported in that return, on June 19, 2006, respondent abated the following amounts of tax, additions to tax, and interest as provided by law that respondent had assessed for petitioners' taxable year 2002: (1) $3,290 of tax, (2) $787.40 of the addition to tax under section 6651(a)(1), (3) $477.87 of the addition to tax under section 6651(a)(2), and (4) $475.55 of interest as provided by law.

On January 5, 2007, petitioners submitted to respondent an amended return for their taxable year 2002 in which they reported total tax of zero. In response to that amended return, respondent sent petitioners a letter dated May 22, 2007 (respondent's May 22, 2007 letter). In that letter, respondent indicated that respondent was disallowing petitioners' "claim for credit".

On June 5, 2007, petitioners filed a petition commencing this case. In the petition, petitioners alleged that the petition was a "Petition for Redetermination of a Deficiency". Petitioners also alleged in the petition that they disagree "with the determination contained in the notice issued by the Internal

Revenue Service for the year(s) or period(s) 2002, as set forth in such notice dated 10/16/2006 and 5/22/2007".  Petitioners attached to the petition the following two documents pertaining to petitioners' taxable year 2002:  (1) Notice CP 504, "**<u>URGENT!!</u> We intend to levy on certain assets.  Please respond NOW.**", dated October 16, 2006 (October 16, 2006 Notice CP 504), and (2) respondent's May 22, 2007 letter disallowing petitioners' "claim for credit".

On February 29, 2008, respondent filed a motion to dismiss for lack of jurisdiction.  In that motion, respondent asserts that, after a diligent search, respondent was unsuccessful in retrieving the administrative file for petitioners' taxable year 2002.  Respondent, however, also asserts in respondent's motion to dismiss for lack of jurisdiction that (1) respondent was able to retrieve Form 4340, CERTIFICATE OF ASSESSMENTS, PAYMENTS, AND OTHER SPECIFIED MATTERS (Form 4340), for petitioners' taxable year 2002, (2) that form shows that on February 15, 2005, respondent issued to petitioners a notice of deficiency, and (3) "There is no record of a petition being filed with the Tax Court within the time periods prescribed by law" with respect to that notice. In respondent's motion to dismiss for lack of jurisdiction, respondent further asserts that (1) Form 4340 for petitioners' taxable year 2002 also shows that on February 20, 2006, respondent issued to petitioners a notice of intent to levy, and

(2) "There is no record of a collection due process appeal being filed" with respondent with respect to that notice.

On March 3, 2008, the Court issued an Order in which it ordered petitioners to file a response to respondent's motion to dismiss for lack of jurisdiction. Petitioners failed to do so.

On March 17, 2008, the Court held a hearing on respondent's motion to dismiss for lack of jurisdiction. There was no appearance by or on behalf of petitioners. Counsel for respondent appeared and was heard.

On April 16 and June 2, 2008, respectively, respondent filed a supplement to respondent's motion to dismiss for lack of jurisdiction (respondent's first supplement) and a second supplement to that motion (respondent's second supplement). In each of those supplements, respondent asserts that respondent found certain documents pertaining to petitioners' taxable year 2002 but was unable to find certain other documents pertaining to that year. In respondent's second supplement, respondent further asserts that petitioner Philip Albert Hendeles (Mr. Hendeles) stated to respondent's counsel that "he had preserved copies of all documents related to his case, but would not commit to providing copies to respondent." Respondent attached to respondent's second supplement a letter dated May 21, 2008, from Mr. Hendeles to respondent's counsel. That letter stated in pertinent part:

I have in my possession, documents that will prove my posture and tax case matters.

* * * I perceive no valid reason why I should assist the Internal Revenue Service * * * in any manner, whatsoever * * *.

On June 9, 2008, the Court issued an Order in which it ordered petitioners (1) to file a response to respondent's motion to dismiss for lack of jurisdiction as supplemented by respondent's first supplement and respondent's second supplement and (2) to attach to that response "all documents in their possession that are relevant to the instant case."

On June 25, 2008, petitioners submitted a document that the Court had filed as petitioners' response to respondent's motion to dismiss for lack of jurisdiction as supplemented by respondent's first supplement and respondent's second supplement (petitioners' response). Petitioners attached to that response a letter dated May 31, 2007 (respondent's May 31, 2007 letter) from respondent to petitioners. That letter stated in pertinent part: "We've enclosed the transcript or transcripts that you requested on May 31, 2007." Petitioners also attached to petitioners' response the transcript of account for petitioners' taxable year 2002 (2002 transcript of account) that respondent had attached to respondent's May 31, 2007 letter. Petitioners assert in petitioners' response that that transcript constitutes a notice of deficiency and that therefore on June 5, 2007, petitioners "rightfully [invoked] the jurisdiction" of the Court.

On August 7, 2008, respondent filed a third supplement to respondent's motion to dismiss for lack of jurisdiction (respondent's third supplement). In that supplement, respondent asserts that "respondent has not received a copy of any notice of deficiency or notice of determination from the petitioners". Respondent further asserts in respondent's third supplement that (1) respondent was not successful in retrieving any other documentation pertaining to petitioners' taxable year 2002, and (2) "The Appeals Office has no record of a collection due process file or the opening of a collection due process case" for that year.

## Discussion

Petitioners bear the burden of proving that the Court has jurisdiction over this case. See Patz Trust v. Commissioner, 69 T.C. 497, 503 (1977).

It is petitioners' position that they timely filed the petition on June 5, 2007, in response to a notice of deficiency with respect to their taxable year 2002. In the petition, petitioners alleged that the petition was a "Petition for Redetermination of a Deficiency" and that they disagree "with the determination contained in the notice issued by the Internal Revenue Service for the year(s) or period(s) 2002, as set forth in such notice dated 10/16/2006 and 5/22/2007". Petitioners attached to the petition the following two documents pertaining

to petitioners' taxable year 2002: (1) The October 16, 2006 Notice CP 504 in which respondent informed petitioners that respondent intended to levy on certain of their assets and (2) respondent's May 22, 2007 letter in which respondent informed petitioners that respondent was disallowing their "claim for credit". In petitioners' response, however, petitioners argue that the notice of deficiency upon which this case is based is the 2002 transcript of account that respondent sent them by letter dated May 31, 2007. According to petitioners, because that transcript shows that "petitioners owe * * * $349.07 * * * for the tax period ending 2002", it constitutes a notice of deficiency.[2]

Respondent counters that the Court does not have jurisdiction over this case. According to respondent, none of the documents upon which petitioners rely, i.e., the October 16, 2006 Notice CP 504, respondent's May 22, 2007 letter, and the 2002 transcript of account that respondent sent petitioners by letter dated May 31, 2007, constitutes a notice of deficiency. Respondent further points out, and petitioners do not dispute, (1) that

---

[2]Petitioners do not argue that they filed the petition commencing the instant case in response to the notice of deficiency with respect to their taxable year 2002 that respondent issued to them on Feb. 15, 2005. We note that even if petitioners had filed the petition with respect to that notice, the petition would not have been timely filed. That is because petitioners did not file the petition until June 5, 2007. See sec. 6213(a).

the record establishes that on February 15, 2005, respondent issued to petitioners a notice of deficiency with respect to their taxable year 2002 and (2) that "There is no record of a petition being filed with the Tax Court within the time periods prescribed by law" with respect to that notice. We agree with respondent that the Court does not have jurisdiction over this case.

The Court's jurisdiction to redetermine a deficiency depends upon the issuance of a valid notice of deficiency and a timely filed petition. Rule 13(a), (c); Monge v. Commissioner, 93 T.C. 22, 27 (1989). In determining whether a letter issued by the Commissioner of Internal Revenue (Commissioner) is a notice of deficiency, the Court looks to whether the letter purports to be a notice of deficiency and whether the Commissioner intended it as such. See Abrams v. Commissioner, 84 T.C. 1308, 1310 (1985), affd. 787 F.2d 939 (4th Cir. 1986), affd. sub nom. Benzvi v. Commissioner, 787 F.2d 1541 (11th Cir. 1986), affd. sub nom. Spector v. Commissioner, 790 F.2d 51 (8th Cir. 1986), affd. sub nom. Donley v. Commissioner, 791 F.2d 383 (5th Cir. 1986), affd. without published opinion sub nom. Becker v. Commissioner, 799 F.2d 753 (7th Cir. 1986), affd. sub nom. Alford v. Commissioner, 800 F.2d 987 (10th Cir. 1986), affd. sub nom. Gaska v. Commissioner, 800 F.2d 633 (6th Cir. 1986), affd. 814 F.2d 1356 (9th Cir. 1987).

We have reviewed the October 16, 2006 Notice CP 504, respondent's May 22, 2007 letter, and the 2002 transcript of account that respondent sent to petitioners by letter dated May 31, 2007. We conclude that respondent did not intend any of those documents to be a notice of deficiency with respect to petitioners' taxable year 2002. We further conclude that the October 16, 2006 Notice CP 504, respondent's May 22, 2007 letter, and the 2002 transcript of account that respondent sent to petitioners by letter dated May 31, 2007, are not, and do not purport to be, notices of deficiency.

Petitioners do not claim that respondent issued to them any other type of determination with respect to their taxable year 2002 that would confer jurisdiction on the Court. However, for the sake of completeness, we shall consider whether respondent issued to petitioners any such determination.

Petitioners did not timely file a petition with the Court in response to the notice of deficiency with respect to their taxable year 2002 that respondent issued to them on February 15, 2005. As a result, on July 25, 2005, respondent assessed a deficiency in, and additions to, petitioners' tax, as well as interest as provided by law, for that year. On February 20, 2006, respondent issued to petitioners a notice of intent to levy with respect to their taxable year 2002. Petitioners do not claim that they filed a request for a hearing with respondent's

Appeals Office with respect to that notice.  On the record before us, we conclude that respondent did not issue to petitioners a determination under section 6330 with respect to their taxable year 2002.  See <u>Moorhous v. Commissioner</u>, 116 T.C. 263, 270 (2001); <u>Kennedy v. Commissioner</u>, 116 T.C. 255, 263 (2001); <u>Offiler v. Commissioner</u>, 114 T.C. 492, 497 (2000).

On the record before us, we further conclude that respondent did not issue to petitioners any other type of determination with respect to their taxable year 2002 that would confer jurisdiction on the Court.

We hold that we do not have jurisdiction over this case.

We have considered all of the parties' contentions and arguments that are not discussed herein, and we find them to be without merit, irrelevant, and/or moot.

On the record before us, we shall grant respondent's motion.

To reflect the foregoing,

<u>An order granting respondent's</u>
<u>motion as supplemented and</u>
<u>dismissing this case for lack of</u>
<u>jurisdiction will be entered</u>.