T.C. Memo. 2018-24

UNITED STATES TAX COURT

CEDRIC RAY ALLEN, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 13716-14.                        Filed March 6, 2018.

Cedric Ray Allen, pro se.

S. Penina Shadrooz and Sarah A. Herson, for respondent.

MEMORANDUM OPINION

ASHFORD, Judge:  This case is before the Court on respondent's motion to dismiss for lack of jurisdiction on the ground that respondent has not issued petitioner a statutory notice of deficiency for the taxable year 2007, 2008, or 2009, as authorized by section 6212 and required by section 6213(a), nor has respondent made any other determination with respect to petitioner's taxable years 2007,

[*2] 2008, and 2009 that would allow petitioner to invoke the jurisdiction of this Court.[1]  Also before the Court is petitioner's motion for appointment of counsel. As explained below, we will grant respondent's motion, deny petitioner's motion, and dismiss this case for lack of jurisdiction.

Background

On June 12, 2014, petitioner filed a petition in this Court making allegations regarding the taxable years 2007, 2008, and 2009.[2]  During these years, as well as at the time when he filed his petition and throughout these proceedings, petitioner was incarcerated in State prison in California.[3]  Petitioner claims that he was employed as a kitchen worker in the prison where he was incarcerated from October 2007 through September 2009 and filed Federal income tax returns for 2007, 2008, and 2009 reporting wages from this employment as income.

In his petition, petitioner referenced the following notices and other correspondence or documents he received from the Internal Revenue Service

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years at issue and all Rule references are to the Tax Court Rules of Practice and Procedure.

[2]In the heading of his petition, petitioner referenced "tax period Oct. 2007 through Sept. 2009."

[3]Petitioner states in a later filing with the Court that he has been incarcerated since January 13, 1984.

**[*3]** (IRS):  (1) a notice from the IRS office in Fresno, California, dated January 9, 2012, stating that he "owe[s] a penalty charge of $5,000.00 under the civil penalty code section 6702(a), for filing a frivolous tax return"; (2) a letter from the IRS office in Fresno, California, dated January 25, 2012, stating that "they had processed my 2008 and 2009 tax return [sic], but their records show no income was earned in 2009"; (3) forms from the IRS office in Fresno, California, entitled "Non-Receipt of Tax Return", which petitioner states he "immediately" filled out and returned to that office; (4) a "notice that I will hear back from * * * [the IRS] after they research my case"; (5) May 2013 correspondence from the IRS office in Fresno, California, stating that "my employer did not report any wages for me in 2009"; and (6) March 2014 correspondence from the IRS office in Andover, Massachusetts, stating that "I sent information about my 2009 wages, but some [sic] they got it mixed up with a 2012 1040EZ that I never submitted."

Petitioner did not append to his petition a copy of any notice of deficiency for 2007, 2008, or 2009, as required by Rule 34(b); instead, he appended copies of (1) the January 25, 2012, letter, (2) two undated Forms 886-A, Explanation of Items, and (3) a notice from the IRS office in Fresno, California, dated February 6, 2012.

**[\*4]**  The January 25, 2012, letter related to the 2007 taxable year and stated in

pertinent part:

> Thank you for your inquiry received on November 21, 2011.
>
> We have processed your 2008 and 2009 tax return [sic].  However, an examination of your 2009 [sic] was done and was determined no income was earned for that year or the 2008 [sic].  The year 2007 is a statute year and if there was a refund, statute has expired [sic].  No further action will be taken at this time.

Both undated Forms 886-A related to the 2012 taxable year.  One Form

886-A stated:

> **Thank you for your correspondence received at the Fresno service center on May 10, 2013.**
> The Andover, Massachusetts service center is working on the examination of your return.  Please forward all correspondence only to the Andover service center.
>
> You asked about your refund.
> You will be receiving a refund only if you send information to verify your wages and withholding.  For now, we have removed your wages and withholding.  With no verified wages, we are also disallowing your dependent, earned income credit and head of household status.
>
> According to wage records available to us, your employer did not report any wages for you (the same for your 2009 examination which you did not respond to).
> Also, we do not yet have the 2013 tax forms to forward to you.

**[*5]** Please send:

> (1)    A letter from your employer, on official letterhead, which states your total wages and withholding in 2012 OR a copy of your final earnings statement. We cannot accept a W-2.
>
> (2)    Copies of documents that show how you are related to the child you claimed.
>
> (3)    Documents that state the address of the child you claimed and that he/she was either a full-time student or permanently disabled (since he/she is 21 years old and you are claiming him/her for the earned income credit.)[4]

The other Form 886-A stated:

> Thank you for your correspondence received March 31, 2014.
>
> You sent information about your 2009 wages, but your examination is for 2012. You notated 2012 at the top of your correspondence.
>
> It appears you had no wages in 2012; therefore we are disallowing them.
>
> Your last day to file a petition with the U.S. Tax Court is July 2, 2014. However we would still consider any new information sent.[5]
>
> The February 6, 2012, notice related to petitioner's "2009 Form 1040EZ".

The notice stated that on the basis of the information petitioner provided the IRS

changed his 2009 Federal income tax return to reflect a decrease in credit for

---

[4]On this Form 886-A there is a handwritten note by petitioner stating: "I have no children!"

[5]In a later filing with the Court petitioner stated that he submitted to the IRS an identity theft form with respect to 2012 "which cleared up that matter."

**[*6]** Federal income tax withheld of $2,500, with the result that petitioner "owe[d] $0.00" for 2009.

On February 24, 2015, petitioner filed a motion for appointment of counsel. Attached to this motion was a declaration by petitioner wherein he stated in pertinent part:

> THAT, I am the petitioner in the within bona fide legal cause of action, am a poor indigent incarcerated prisoner, and have at risk threatened personal and/or property rights as a result of the within cause of action;
>
> THAT, declarant is a layperson, untrained in law, and as a result of poor, indigent, and incarcerated status is barred from access to the courts to protect personal and/or property right as guaranteed by due process abd [sic] equal protection clause of both the state and federal constitution;
>
> THAT, declarant is forced to represent self in defense of the within suit, is without funds to employ counsel, and has no legal training, experience, access to legal materials and/or access to the court necessary to adequately and reasonably protect declarant's present and future personal and/or property rights;
>
> THAT, declarant is being harrasseed [sic] by plaintiff herein as much as declarant is indigent and incarcerated, unable to retain an attorney, and that without adequate representation and meaningful access to the courts declarant is likely to suffer adverse judgment and therefrom a significant issue of liability would arise impacting declarant's personal and/or property rights both present and in the future.

> \*       \*       \*       \*       \*       \*       \*

**[\*7]** THAT, without relief requested herein that declarant will continue to suffer deprivations of constitutional and/or other legal rights as stated above;

Also on February 24, 2015, petitioner filed a pretrial memorandum stating that the amount and the tax period in dispute were $2,500 and "Jan. 1, 2009 to Dec. 1, 2009," respectively, and that "[t]he I.R.S. in Fresno refuses to acknowledge that I am owed at least $2,500 for a Federal income tax return. I filled out a 1040EZ form to the best of my ability for 2009. I am requesting an attorney to represent me at trial".[6]

On April 23, 2015, respondent filed a motion to dismiss for lack of jurisdiction on the ground that a search of his records revealed no notice of deficiency sent to petitioner sufficient for him to invoke the jurisdiction of the Court pursuant to sections 6212 and 6213(a) with respect to 2007, 2008, or 2009, and that he had made no other determination that would allow petitioner to invoke the jurisdiction of the Court as to these years. Respondent also indicated in his motion that on April 2, 2015, he received a letter from petitioner confirming that he was petitioning only as to 2008 and 2009 and that he had not received a notice of deficiency or a notice of determination for these years.

---

[6]Petitioner filed another pretrial memorandum on June 15, 2015, similarly contending that his claim "relates to a refund" of $2,500 for 2008 and 2009.

**[\*8]** On July 14, 2015, petitioner filed an opposition to respondent's motion stating in pertinent part:

> To reiterate, the petitioner was never issued a statutory notice of deficiency as authorized by I.R.C. 6212 and 6213(a). Petitioner is seeking for a tax return [sic] for the years 2008 through 2009. Petitioner had already explained that he had not been sent a notice of deficiency or notice of determination for 2008 and 2009. Petitioner is not trying to dispute any I.R.C. 6702 penalty. Petitioner is seeking an income tax refund for the years he worked in 2008 and 2009 in the central kitchen at Kern Valley State Prison.

Petitioner also attached several documents to his opposition, including copies of State of California inmate work supervisor's time logs for him for the months of November and December 2008 and February, March, June, and July 2009.

## Discussion

### I. Tax Court's Jurisdiction Over Petitioner

The Tax Court, like all Federal courts, is a court of limited jurisdiction; our jurisdiction and its extent are explicitly provided by statute. Sec. 7442; Naftel v. Commissioner, 85 T.C. 527, 529 (1985). However, we have jurisdiction in any case to determine whether we have jurisdiction over that case. Kluger v. Commissioner, 83 T.C. 309, 314 (1984). A taxpayer seeking to invoke this Court's jurisdiction must affirmatively assert such jurisdiction and the factual basis necessary to establish that we have such jurisdiction. La. Naval Stores, Inc.

[*9] v. Commissioner, 18 B.T.A. 533, 536 (1929); Consol. Cos. v. Commissioner, 15 B.T.A. 645, 651 (1929); see also Dees v. Commissioner, 148 T.C. ___, ___ (slip op. at 37-38) (Feb. 2, 2017) (Ashford, J., concurring).

We have jurisdiction to redetermine deficiencies determined by the Commissioner for which he has issued a notice of deficiency to the taxpayer, sec. 6214(a), and may find in the context of such a deficiency case that an overpayment was made and a refund is appropriate, sec. 6512(b)(1);[7] see also Rule 13. However, we do not have jurisdiction to hear cases in which the Commissioner has not determined a deficiency, Terminal Wine Co. v. Commissioner, 1 B.T.A. 697, 701-703 (1925); see generally Dees v. Commissioner, 148 T.C. at ___ (slip op. at 34-37) (Ashford, J., concurring), in cases in which the Commissioner has not issued a notice of deficiency to the taxpayer, Abrams v. Commissioner, 84 T.C. 1308, 1310-1312 (1985), aff'd, 814 F.2d 1356 (9th Cir. 1987), or in cases in which the Commissioner has issued an invalid notice of deficiency to the taxpayer,

---

[7]Although not relevant here, our jurisdiction in a deficiency case is also predicated on the taxpayer's timely filing a petition with this Court to challenge the notice. See sec. 6213; Rule 13(c).

[*10] see Dees v. Commissioner, 148 T.C. at ___ (slip op. at 5), regardless of whether the taxpayer has a colorable claim to a refund.[8]

As to the form that a notice of deficiency must take, there are no specific requirements; to be a valid notice, it must fulfill the purpose of "objectively put[ting] a reasonable taxpayer on notice that the Commissioner determined a deficiency in tax for a particular year and amount." Id. at ___ (slip op. at 8-9). Even if a notice does not do so (i.e., where a notice is ambiguous), a notice is still valid if the taxpayer establishes that the Commissioner made a deficiency determination and that he was not misled or prejudiced by the notice's ambiguity. Id. at ___ (slip op. at 9-11).

Respondent asserts that because petitioner was not issued a notice of deficiency for 2007, 2008, or 2009, and no other determination has been made with respect to petitioner's taxable years 2007, 2008, and 2009, this Court lacks jurisdiction over petitioner for these years. We agree.

None of the documents petitioner appended to his petition can reasonably be construed as a notice of deficiency for 2007, 2008, or 2009. The January 25, 2012, letter obliquely and ungrammatically refers to an examination of his 2008

---

[8]Jurisdiction over "pure" refund claims instead lies with the Court of Federal Claims or any U.S. District Court. See 28 U.S.C. secs. 1346(a)(1), 1491(a)(1) (2012).

**[\*11]** and 2009 Federal income tax returns and a determination by the Commissioner regarding these years, but the notice does not determine <u>deficiencies</u> in his Federal income tax for 2008 or 2009; indeed, the notice states that the Commissioner "determined no income was earned" by petitioner for 2008 or 2009. The further and only statement in the notice regarding 2007 is nearly inscrutable, but it at least does not state a determination of a deficiency in petitioner's Federal income tax for that year either.

While the February 6, 2012, notice reflects a determination made by the Commissioner regarding petitioner's 2009 taxable year, it does not state that petitioner has a deficiency for that year.[9]

The two Forms 886-A reference an examination for petitioner's 2012 taxable year, during the course of which he apparently also raised the issue of being entitled to a refund for 2009. One of the Forms 886-A acknowledges receipt

---

[9]To wit, this notice reflects a determination that petitioner's balance due for 2009 is "$0.00", but unlike the similar notice (erroneously reflecting the Commissioner's determination of a deficiency of "$.00") that we held to be valid in <u>Dees v. Commissioner</u>, 148 T.C. ___ (Feb. 2, 2017), this notice does not assert that respondent <u>determined</u> that petitioner has a <u>deficiency</u> for 2009. <u>Cf. id.</u> at ___ (slip op. at 34) (Ashford, J., concurring). Further, this notice indicates that the Commissioner made changes to petitioner's Federal income tax withholdings for 2009. To the extent that is indeed the case, this Court has no jurisdiction to determine a withholding credit issue here. <u>See Forrest v. Commissioner</u>, T.C. Memo. 2011-4.

**[*12]** of correspondence from petitioner dated March 31, 2014, that included information about his 2009 wages, but reminds petitioner that the examination in question is for 2012, states that it appears he had no wages for 2012 and therefore the wages "are disallow[ed]", and informs him that although the last day to file a petition with this Court is July 2, 2014, any new information sent would still be considered. Given this juxtaposition, petitioner's confusion is somewhat understandable--this document might have been included with a notice of deficiency for petitioner's 2012 taxable year (a Form 886-A is a typical attachment for a notice of deficiency), which petitioner would have been entitled to challenge in this Court.[10] However, nothing in this Form 886-A, or the other Form 886-A, constitutes a notice of deficiency for 2009 sufficient for the Court to exercise jurisdiction.[11]

---

[10]In his petition, however, petitioner does not raise any issue with respect to 2012 by assigning any errors alleged to have been committed by the Commissioner for that year. Consequently, that year is outside the scope of the Court's jurisdiction. See Rule 34. Presumably, 2012 was resolved to petitioner's satisfaction because as we noted, see supra note 5, he stated in a later filing with the Court that he "cleared up" 2012 by submitting to the IRS an identity theft form.

[11]Petitioner's concession that he did not receive a notice of deficiency or notice of determination for 2008 or 2009 is also persuasive, but we do not hold his concession to be conclusive on its own, as petitioner was likely not fully cognizant of the decisive jurisdictional consequences of making such a concession. See

(continued...)

[*13] It seems that petitioner's main allegations in his petition are directed at the Commissioner's imposition against him of a civil penalty for filing a frivolous return under section 6702. To the extent petitioner is attempting to dispute this penalty, this Court lacks jurisdiction to review challenges to this penalty in a deficiency case; only in the context of the review of a notice of determination issued pursuant to section 6330 does the Court have jurisdiction over frivolous return penalty challenges. See sec. 6703(b); Callahan v. Commissioner, 130 T.C. 44 (2008); Granger v. Commissioner, T.C. Memo. 2009-258.

Finally, to the extent petitioner's allegations in his petition can be construed as relating to a refund claim, as discussed, we do not have jurisdiction over pure refund claims. See supra note 8 and accompanying text.[12]

---

[11](...continued)
Dees v. Commissioner, 148 T.C. at ___ n.12 (slip op. at 35) (Ashford, J., concurring) ("[W]here the Commissioner indicates in support of his motion [to dismiss for lack of jurisdiction] that he has not examined or has not completed his examination of a taxpayer's return, it is logically impossible for the taxpayer to carry * * * [his] burden [of establishing our jurisdiction].").

[12]Further, we note that the income reflected on the time logs petitioner attached to his opposition to respondent's motion to dismiss is significantly less than $2,500, and surmise that petitioner's refund claims relate not to tax withheld on this income but to a refundable credit under sec. 32, commonly known as the earned income tax credit. Under sec. 32(c)(2)(B)(iv), however, income earned while a taxpayer is incarcerated is not taken into account for purposes of this credit, which likely constituted the basis of the Commissioner's determinations to

(continued...)

**[*14]** II.     Petitioner's Request for Appointment of Counsel

We now address petitioner's request that the Court appoint counsel to represent him in these proceedings, asserting by reference his right under the Sixth Amendment to the Constitution, which provides in pertinent part that "[i]n all criminal prosecutions, the accused shall enjoy the right * * * to have the assistance of counsel for his defense."  However, the Sixth Amendment applies by its own terms only to criminal proceedings; this is a civil proceeding.  See Cupp v. Commissioner, 65 T.C. 68, 85-86 (1975), aff'd, 559 F.2d 1207 (3d Cir. 1977).  Further, this Court does not have the power to provide counsel or representative assistance to taxpayers; and even if we did, we have long held that failure of the Court to exercise such power does not impinge upon a taxpayer's right of due process of law.[13]  See Olympic Shipping Lines, Inc. v. Commissioner, T.C. Memo.

---

[12](...continued)
deny petitioner's refund claims.  A clear statement by the Commissioner to this effect could have prevented a great deal of confusion and administration in this case had it been made earlier.

[13]As we stated in Olympic Shipping Lines, Inc. v. Commissioner, T.C. Memo. 1991-623, 1991 WL 263149, at *5, many taxpayers petition this Court for review without the assistance of counsel or a representative authorized to practice before this Court, and we attempt to accommodate their unfamiliarity with the formalities of the legal process.  Petitioner's filings reflect a fair amount of familiarity with the legal process--indeed, more than many of the pro se nonincarcerated litigants who appear before us.

**[\*15]** 1991-623, 1991 WL 263149, <u>aff'd</u>, 55 F.3d 635 (11th Cir. 1995); <u>Silvey v. Commissioner</u>, T.C. Memo. 1976-401.  Petitioner in any event has been afforded a full opportunity to be heard in these proceedings; therefore no rights of his have been violated.

To reflect the foregoing,

<u>An order will be entered granting respondent's motion to dismiss for lack of jurisdiction and denying petitioner's motion for appointment of counsel</u>.